IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BOBBY E. KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:14cv281-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.     INTRODUCTION**

Bobby E. Knox ("Plaintiff") filed applications for disability insurance benefits and supplemental security income benefits. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of January 20, 2011, through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected his request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 8).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel* is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff, who was forty-four years old at the time of the hearing before the ALJ, has at least a high school education. Tr. 16. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since January 20, 2011, the alleged onset date[.]" *Id.* At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "diabetes mellitus type II with diabetic neuropathy and borderline obesity[.]" *Id.* At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 12. Next, the ALJ articulated Plaintiff's RFC as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). However, [Plaintiff] is never able to climb ladders, ropes, or scaffolds, and can only occasionally climb stairs. He is also able to occasionally perform crouching or stooping. He is able to perform frequent handling and fingering bilaterally. He is unable to work in environments with concentrated exposure to hazard[s]. Lastly, the work must be simple . . . , low stress (few changes in workplace and occasional simple decision-making) jobs only.

*Id*. After consulting the VE, the ALJ concluded at Step Four that Plaintiff "is unable to perform any past relevant work[.]" Tr. 16. Finally, at Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* The ALJ identified the following occupations as examples: "cafeteria attendant," "sales attendant," and

"housekeeping cleaner." Tr. 17. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 20, 2011, through the date of th[e] decision[.]" *Id*.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents the following issues for this court's consideration in review of the ALJ's decision:

> A. "Whether the [ALJ] committed error in determining [Plaintiff]'s physical residual functional capacity."
>
> B. "Whether the [ALJ] failed to properly apply the pain standard."

Pl.'s Br. (Doc. 13) at 1.

## V. DISCUSSION

### A. Whether the ALJ erred in determining Plaintiff's RFC based on the ALJ's consideration of Dr. Patel's opinion.

Plaintiff argues that "the ALJ did not properly apply the treating physician's rule and, therefore, did not properly determine [Plaintiff]'s RFC, which was error." Pl.'s Br. (Doc. 13) at 4. Plaintiff's argument centers on the ALJ's decision to discount the opinion of Dr. Piyush Patel, M.D., Plaintiff's treating physician. Specifically, Plaintiff alleges,

> Without the countervailing opinion of another treating/examining physician in the record, and without a more substantial and detailed analysis of the medical evidence of record which the ALJ asserted was inconsistent with [Dr. Patel]'s opinion, there is not substantial evidence in the record to support the ALJ's decision to reject [Dr. Patel]'s uncontroverted medical opinion.

*Id.* at 3.  Further, Plaintiff asserts that, because "no examining doctor has expressed a medical opinion as to the meaning of the above [Plaintiff]'s ability to do work related activities, except [for Dr. Patel]," the ALJ erred by "arbitrarily substitut[ing] his own opinion for the diagnosis of a medical professional" when the ALJ formed the RFC.  *Id.* at 4.

In general, "[a]bsent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'"  *Winschel v. Comm'r, Soc. Sec. Admin.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  "Good cause exists 'when the (1) treating physician opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).  If the ALJ disregards a treating physician's opinion, or affords it less than "substantial or considerable weight," the ALJ must "'clearly articulate [the] reasons' for doing so."  *Id.* (quoting *Phillips*, 357 F.3d at 1240-41).

In pertinent part, Plaintiff points to Dr. Patel's opinion that Plaintiff would need "'the freedom to rest, recline, or lie down at his/her own discretion throughout a normal 8 hour work day' for '6 hrs.'"; that Plaintiff's pain and fatigue make Plaintiff unable to work; that Plaintiff is not a malingerer; and that Plaintiff takes "'medications that interfere with the ability to work.'"  Pl.'s Br. (Doc. 13) at 2 (quoting Tr. 280-81).

> In addressing Dr. Patel's opinion, the ALJ explained as follows:
>
> The undersigned has also considered the assessment completed in February 2013 by Piyush Patel, M.D., the claimant's treating physician. Dr. Patel says the claimant has been unable to work since January 2011 due to pain, fatigue, numbness, tingling, and blurred vision. Interestingly, as noted above, the claimant has denied numbness and tingling on many occasions. Dr. Patel also opined that the claimant is able to sit/stand/walk for a total of only two hours in an eight-hour day and that he would need to lie down the remaining six hours. He also opined that the claimant would not be able to use his hands for any repetitive action. This is despite the consultative examination showing normal gross and fine manipulation. Obviously, Dr. Patel's opinion is rendered less persuasive by the objective findings of the consultative examination. Nevertheless, as a precaution, the undersigned has limited the claimant to light work with no more than frequent handling and fingering bilaterally.
>
> The undersigned further notes that the claimant's testimony that he needs to lie in bed six hours daily is supported only by Dr. Patel's questionnaire, which is not supported by any objective medical evidence of record, so is given no weight.

Tr. 16 (internal citations omitted). Thus, the ALJ mentioned the relevant portions of Dr. Patel's opinion and articulated three distinct bases for his rejection of it, including (1) Dr. Patel's opinion is inconsistent with other evidence in the record, (2) Dr. Patel's opinion is inconsistent with Plaintiff's own statements, and (3) the opinion that Plaintiff needs to lie in bed six hours daily is supported only by Plaintiff's subjective complaints and "is not supported by any objective medical evidence of record." *Id.* Accordingly, Plaintiff has not shown that the ALJ lacked good cause in discounting the opinion of Dr. Patel.

Plaintiff states that "[t]he ALJ admits that Dr. Patel is [Plaintiff]'s treating physician, but the ALJ fails to mention the fact that Dr. Patel is [Plaintiff]'s Board

Certified Physician, who examined and treated [Plaintiff] for over a year." Pl.'s Br. (Doc. 13) at 1. The court is not aware of, and Plaintiff has not pointed to, any legal authority establishing that the ALJ's failure to mention such information is error. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [the] decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this court] to conclude that [the ALJ] considered [the] medical [opinion] as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Here, the ALJ's failure to mention that Dr. Patel is a board certified physician who examined and treated Plaintiff for over a year does not make the decision such a broad rejection as to disable this court from concluding that the ALJ considered the medical opinion as a whole.

Plaintiff also asserts that the "requisite 'good cause' for not according controlling weight to a treating physician's opinion is not provided by the report of a non-examining physician . . . because the opinion of such a person is entitled to little weight if it contradicts the opinion of [Plaintiff]'s physician." Pl.'s Br. (Doc. 13) at 4 (emphasis in original). Accordingly, Plaintiff argues that, because the "ALJ fail[ed] to state a reasonable basis for rejection of [Dr. Patel]'s opinion," the opinion of Dr. Patel must "be accepted as true as a matter of law." *Id.* Plaintiff's argument that the ALJ erred in disregarding Dr. Patel's opinion based on the opinion of a non-examining physician fails because, as addressed above, the ALJ did not discredit Dr. Patel's opinion solely because

9

of an opinion given by a non-examining physician. Rather, the ALJ articulated good cause for discrediting Dr. Patel's opinion, including inconsistencies between Dr. Patel's opinion and Plaintiff's own statements and a lack of objective support for other aspects of Dr. Patel's opinion. Additionally, Plaintiff is misguided in arguing that the court is bound to accept as true as a matter of law the opinion of Dr. Patel. While Plaintiff is correct that a treating physician's testimony must, as a matter of law, be accepted as true when "the [ALJ] has ignored or failed to properly refute" it, *MacGregor v. Bowen*, 786 F.2d 1050, 1051 (11th Cir. 1986), here, as previously addressed, the ALJ did not so ignore or fail to refute Dr. Patel's testimony. Rather, the ALJ articulated good cause for discrediting Dr. Patel's testimony, and the ALJ's decision was supported by substantial evidence.

Additionally, Plaintiff asserts that "no examining doctor has expressed a medical opinion as to the meaning of [Plaintiff]'s ability to do work related activities," except for Dr. Patel, and because the ALJ discredited that opinion, the ALJ "did not properly determine [Plaintiff's RFC], "which was error." Pl.'s Br. (Doc. 13) at 4. To the extent Plaintiff is arguing that the ALJ must base the RFC on a medical opinion, the court disagrees. The regulations make clear that it is the ALJ, not a physician, who "is responsible for assessing" a claimant's RFC. *See* 20 C.F.R. § 404.1546. The ALJ did not err by doing so.

In sum, the ALJ's decision is supported by substantial evidence in the record, and Plaintiff has not shown that the ALJ lacked good cause in discounting the opinion of Dr. Patel, nor that the ALJ erred in determining the RFC.

### B. Whether the ALJ properly applied the pain standard.

Plaintiff's second claim is that "the ALJ failed to properly apply the pain (and/or fatigue) standard." Pl.'s Br. (Doc. 13) at 5. The United States Court of Appeals for the Eleventh Circuit has articulated a three-part "pain standard" to be utilized where a claimant attempts to establish disability through subjective testimony about pain.

> The pain standard requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." [*Wilson v.* Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002)]. If the ALJ determined that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms, then the ALJ evaluates the extent to which the intensity and persistence of those symptoms limit her ability to work. 20 C.F.R. § 404.1529(b). At this stage, the ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements by treating and nontreating physicians, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. § 404.1529(a).
>
> A claimant's testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ "must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires . . . that the testimony be accepted as true." *Id*. at 1561-62.

*McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 893 (11th Cir. 2014).

In the case at hand, after summarizing this standard, Plaintiff's entire argument is as follows:

> In this case, there is evidence of an underlying medical condition (satisfying part one) that could reasonably be expected to produce [Plaintiff]'s alleged pain (and/or fatigue) (satisfying part three). That underlying medical condition includes, but is not limited to "Insulin Dependent Diabetes Mellitus w/ severe Neuropathy (Brittle Diabetes)[,]" confirmed by clinical and objective findings of multiple examinations an lab studies.
> There is no question that "Insulin Dependent Diabetes Mellitus w/ severe Neuropathy (Brittle Diabetes)" is a condition that can reasonably be expected to produce pain and/or fatigue, thereby satisfying part three . . . of the pain (and/or fatigue) standard.
> Based upon the above, the Commissioner did not properly apply the pain (and/or fatigue) standard, which was error.

Def.'s Br. (Doc. 14) at 5 (citations omitted).

Upon review of the ALJ's decision, it is apparent that the ALJ did properly apply the pain standard. The ALJ recognized his obligation to apply and then accurately described the pain standard in his opinion. *See* Tr. 13. Having surveyed the objective medical evidence and Plaintiff's own prior statements and testimony about his pain, the ALJ found as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC articulated by the ALJ].

*Id.*

There is no dispute that the ALJ indeed found that Plaintiff satisfied the pain standard because he determined that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 13. But, contrary to Plaintiff's apparent belief, this finding, alone, does not compel the conclusion that Plaintiff is disabled. Rather, as the Eleventh Circuit has made clear, once the ALJ determines that a claimant's impairments might reasonably be expected to cause the sort of pain described by the claimant, the ALJ is required to "evaluate[] the extent to which the intensity and persistence of" the claimant's alleged pain "limit her ability to work." *McMahon*, 583 F. App'x at 893 (citing 20 C.F.R. § 404.1529(b)). To do this, the ALJ does not rely on just the Plaintiff's statements. Rather, "the ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements by treating and nontreating physicians, and other evidence of how the pain affects the claimant's daily activities and ability to work." *Id.* (citing 20 C.F.R. § 404.1529(a)). The ALJ exhaustively performed this analysis.[5] Additionally, Plaintiff has not identified any

---

[5] The ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible for the reasons explained in this decision." Tr. 13. The ALJ elaborated as follows:
> In analyzing the credibility of [Plaintiff]'s subjective complaints, the first factor considered involves his daily activities. Although [Plaintiff] has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding [Plaintiff] disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if [Plaintiff]'s daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to [Plaintiff]'s medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall [Plaintiff]'s reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

13

instance in which the ALJ improperly relied upon record evidence, nor has Plaintiff challenged the ALJ's credibility findings, which are supported by substantial evidence in the record. As such, the ALJ did not fail to properly apply the pain standard and did not commit reversible error in rendering his credibility findings regarding Plaintiff's subjective complaints of disabling pain.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 19th day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

Tr. 13. The ALJ continued to highlight other inconsistencies that lead the ALJ to find Plaintiff's subjective complaints to be "not entirely credible," including that, although Plaintiff "continued to reported joint pain and stiffness" to his physician, (1) "he was noted to have only 70% compliance with prescribed medications and he was not measuring his blood sugar"; and (2) his "treatment notes reflect brief inspections of [Plaintiff's] joints and extremities were unremarkable." Tr. 14. Additionally, the ALJ noted that Plaintiff appeared with a cane at the hearing, but "the cane had not been prescribed, which calls into question the medical necessity of such device." Tr. 15.